1

2

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

4

5

6

JANE DOE 1,

     Plaintiff,

7

v.

Civil Action No. 25-CV-2113 (JMF)

8

9

ALON ALEXANDER, OREN
ALEXANDER, and TAL ALEXANDER,

10

     Defendants.

11

12

13

14

15

16

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO PROCEED ANONYMOUSLY PURSUANT TO FRCP RULE 10(a)**

17

18

19

20

21

22

23

24

25

26

27

28

**GRUENBERG KELLY DELLA**
Michael DellaUniversita, Esq.
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
*Counsel for Plaintiff*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................ 4

FACTUAL BACKGROUND ........................................................................... 5

ARGUMENT ................................................................................................ 7

II.      PLAINTIFF'S REQUEST TO PROCEED ANONYMOUSLY
SHOULD BE GRANTED............................................................ 9

    A.    Factor 1: The Highly Sensitive Nature of the Allegations
Warrants Anonymity............................................................. 10

    B.    Factor 2: Risk of Retaliatory Harm or Harassment
Supports Anonymity ............................................................ 11

    C.    Factors 3 and 4: Plaintiff Faces Significant Psychological
Harm and is Particularly Vulnerable to the Consequences
of Public Disclosure, Both Factors of which Support
Anonymity........................................................................... 13

    D.    Factor 6: The Defendants Would Not Be Prejudiced by
Allowing the Plaintiff to Pursue Her Claims Anonymously ..... 14

    E.    Factor 7: Plaintiff Has Not Publicly Disclosed Her Identity
and Has Taken Affirmative Steps to Preserve Her
Anonymity........................................................................... 15

    F.    Factor 8: Anonymity Will Not Undermine the Public's
Interest in the Proceedings .................................................. 16

    G.    Factor 9: Allowing Plaintiff to Proceed Anonymously
Furthers the Public Interest ................................................. 17

    H.    Factor 10: No Adequate Alternative to Anonymity Exists
to Protect Plaintiff's Safety and Privacy................................ 18

CONCLUSION ........................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

Anonymous v. Anonymous, No. 24-CV-3495 (JHR) (RFT), 2024 U.S. Dist. LEXIS 88282, (S.D.N.Y. May 13, 2024) ..................................................... 4, 10, 13, 17

Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997) ................................................................................................................. 4, 8

Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997). ...... 4, 7

Doe v. Colgate Univ., No. 5:15-CV-1069, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y. Apr. 12, 2016 ....................................................................................... 15

Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, ................................ 4, 11, 14, 15, 18

Doe v. Evans, 202 F.R.D. 173 (E.D. Pa. 2001) ...................................................... 4, 8

Doe v. New York Univ., 537 F. Supp. 3d 483 (S.D.N.Y. 2021) ............... 4, 8, 10, 12

Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981) ............................................. 4, 8, 16, 17

Doe v. United Serv. Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y. 1988) ..................... 4, 8

Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000) ...... 4, 7

E.W. v. N.Y. Blood Ctr., 213 F.R.D. 108 (E.D.N.Y. 2003) ........................ 4, 8, 11, 16

Roe v. Borup, 500 F. Supp. 127 (E.D. Wis. 1980) ................................................. 4, 8

Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008) 4, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18

## Rules

Federal Rule of Civil Procedure ("FRCP") Rule 10(a) ........................................... 4, 7

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO PROCEED ANONYMOUSLY PURSUANT TO FRCP RULE 10(a)**

Plaintiff Jane Doe 1 ("Plaintiff"), by and through her undersigned counsel, Gruenberg Kelly Della, respectfully submits this Memorandum of Law in support of her Motion to Proceed Anonymously pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 10(a) (the "Motion") in the action she has brought against Alon Alexander ("Alon"), Oren Alexander ("Oren"), and Tal Alexander ("Tal") (collectively, "Defendants" or the "Alexander Brothers"). A proposed order is attached to the Declaration of Michael DellaUniversita ("Della Decl.") as Exhibit A.

## PRELIMINARY STATEMENT

Plaintiff is a survivor of rape who seeks to proceed under a pseudonym in this litigation to safeguard her mental health, physical safety, and overall well-being. In support of this request, a notarized Affidavit from Plaintiff is attached hereto as Exhibit B.[1] Defendants, who are public figures facing multiple allegations of sexual abuse in both civil and criminal proceedings, will suffer no prejudice by Plaintiff proceeding under a pseudonym. While Plaintiff has not yet disclosed her identity to Defendants, she is willing to do so upon execution of a narrowly tailored confidentiality agreement—requiring that Defendants and their counsel keep her identity strictly confidential. To date, Defendants have not signed such an agreement. Plaintiff's efforts to protect her identity, including her willingness to disclose it under specific safeguards, underscore the legitimacy of her request for anonymity and the genuine fear and risk she faces if forced to proceed publicly. Pursuant to the factors in Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008), Plaintiff requests that she be permitted to proceed anonymously pursuant to FRCP 10(a).

---

[1] Plaintiff's notarized Affidavit, originally submitted in support of her request to proceed under a pseudonym in the New York State Supreme court, is attached hereto as Exhibit B, with Exhibits omitted.

**FACTUAL BACKGROUND**

As detailed in Plaintiff's Complaint, attached hereto as Exhibit C, in 2016, when Plaintiff was just 20 years old, she responded to an Instagram story posted by Chantel Jeffries—a high-profile celebrity Disc Jockey with millions of followers—soliciting a companion to go on a date in New York City. Plaintiff's friend also responded to the Instagram story by Chantel Jeffries and ultimately connected with Defendant Alon Alexander and told him that she wanted to set Plaintiff up with a family-oriented man interested in a long-term relationship. Alon, following a deliberate and practiced pattern of predation, messaged Plaintiff directly with the information he obtained from Plaintiff's friend, and after conversing, invited her to meet in Manhattan, New York, for dinner. Unaware of his true intentions, Plaintiff drove into the city to meet Alon at the location he provided. When she arrived, however, she realized there was no restaurant—just the first of many intentional deceptions. Alon told her he was at a nearby bar and invited her to join. Plaintiff explained that she was only twenty years old and unable to enter a bar legally. Alon then suggested she meet him at his apartment in Soho, assuring her they would head to dinner afterwards. See Exhibit C, ¶¶ 12-19.

Once Plaintiff entered Alon's apartment, Alon immediately handed her an already prepared drink—an act that would become a defining feature of Defendants' coordinated pattern of sexual assault.[2] After consuming part of the drink, Plaintiff began to experience intense disorientation and

---

[2] Press Release, U.S. Attorney's Office, Southern District of New York, Alon Alexander, Oren Alexander, And Tal Alexander Charged In Manhattan Federal Court With Sex Trafficking Offenses (Dec. 11, 2024), https://www.justice.gov/usao-sdny/pr/alon-alexander-oren-alexander-and-tal-alexander-charged-manhattan-federal-court-sex; Debra Kamin, *These Brothers Were Real Estate Hotshots, And Predators, Some Women Say*, N.Y. TIMES (July 26, 2024), https://www.nytimes.com/2024/07/24/realestate/tal-oren-alexander-sexual-assault.html; Brooklee Han, *Real estate broker Oren Alexander and brother accused of rape in New York*, HOUSINGWIRE (June 10, 2024, 5:21 PM), https://www.housingwire.com/articles/real-estate-broker-oren-alexander-and-brother-accused-of-rape-in-new-york/; Exhibit A - Docket and Summons & Complaint from Originating Court, *Parker v. Alexander et al.*, 1:24-cv-04813-LAK (S.D.N.Y. June 25, 2024), ECF 1-1; Superseding Indictment at 5, *U.S. v. Alexander et al.*, 1:24-cr-00676-UA (S.D.N.Y. Dec. 11, 2024), ECF 3; Id. at 3; Id. at 2; Id. at 2-3; Alice Gainer, *Alexander brothers will face more charges as 60 women allege rape, prosecutors say*, CBS NEWS (Feb. 7, 2025, 8:22 PM),

impairment far beyond what she would expect from alcohol alone. Thereafter, Alon offered to show her around the apartment. During this time, Alon brought Plaintiff into a bedroom where his brother, Defendant Tal Alexander, was in bed with another woman. When Plaintiff approached to politely introduce herself, Tal turned his head and forcibly kissed her on the lips. This was no accident—it was part of a deliberate strategy to test her boundaries and further disorient her. See Exhibit C, ¶¶ 19-22.

Alon and Plaintiff eventually returned to a sofa near the entrance, where they began to converse. Then, following his disturbing pattern, Alon began kissing and touching Plaintiff. Plaintiff clearly told him to stop, explaining that she had recently undergone breast surgery and that touching her was painful. She physically removed his hands, voiced her discomfort, and made it clear that she did not want to engage in sexual activity. Despite her repeated refusals and physical resistance, Alon coerced her into a bedroom. Plaintiff cannot recall how she ended up on the bed— her memory clouded by the effects of the drink. Once there, Alon told her that if he couldn't touch her, she would have to perform oral sex. He then grabbed her head, forced it toward his penis, and held her there controlling her movements and ignoring her clear refusals. See Exhibit C, ¶¶ 23-29.

While Plaintiff was being forced to perform oral sex on Alon, Defendant Oren Alexander entered the room. Without saying a word, Oren began undressing her from behind and vaginally raped her. Alon and Oren then switched positions and continued the horrific sexually violent assault. Throughout the attack, Plaintiff remained in an impaired, disoriented state, likely due to an intoxicant Alon had given her. During the horrific sexual assault, Plaintiff felt paralyzed—trapped between the brothers, disassociated from the moment, and powerless to physically resist. And Tal's

---

https://www.cbsnews.com/newyork/news/alexander-brothers-will-face-more-charges/; Chloe Atkins, *Women detail alleged assaults by real estate star Oren Alexander and his brother*, NBC News (Feb. 6, 2025, 7:23 PM), https://www.nbcnews.com/news/us-news/women-detail-alleged-assaults-real-estate-star-oren-alexander-brother-rcna191110.

presence in the apartment, and his initial assault, was not incidental. It was part of a coordinated and deliberate effort by the Alexander Brothers to create an atmosphere of normalized sexual aggression and silence. Each brother played a role in executing this horrific assault—using their combined wealth, status, and social media clout to lure, isolate, and violate vulnerable young women. See Exhibit C, ¶¶ 28-39.

Sadly, this was not an isolated incident—it was a methodical system of exploitation. The Alexander Brothers operated from a position of immense power: multimillionaire real estate moguls with public personas built on charm, success, and influence. They used that power to disarm their victims, control the narrative, and shield themselves from accountability. But behind the polished veneer of luxury and celebrity, they orchestrated a brutal campaign of predation and sexual violence. This lawsuit seeks to pierce that carefully constructed facade and hold the Defendants accountable for the calculated, coordinated, and devastating harm they inflicted on Plaintiff and many others. See Exhibit C, ¶¶ 1-4, 41-56.

## ARGUMENT

### I. APPLICABLE STANDARDS

While Federal Rule of Civil Procedure 10(a) requires that "[t]he title of [a] complaint must name all the parties," courts have consistently recognized that this requirement is not absolute. The rule is intended to promote transparency and public scrutiny of judicial proceedings. Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997). However, in cases involving highly sensitive and personal matters—particularly those involving sexual violence—federal courts have routinely permitted plaintiffs to proceed anonymously to protect their privacy, safety, and psychological well-being. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (allowing pseudonyms where disclosure may lead to "harassment, injury, ridicule or personal embarrassment") (citing United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir.

7

1981)); <u>Doe v. Blue Cross & Blue Shield United of Wis.</u>, 112 F.3d 869, 872 (7th Cir. 1997); <u>Doe v. Stegall</u>, 653 F.2d 180 (5th Cir. 1981); <u>Doe v. Evans</u>, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (recognizing public interest in protecting identities of sexual assault victims to encourage others to come forward); <u>Doe v. New York Univ.</u>, 537 F. Supp. 3d 483, 496–97 (S.D.N.Y. 2021); <u>Doe v. United Serv. Life Ins. Co.</u>, 123 F.R.D. 437 (S.D.N.Y. 1988); <u>Doe v Combs</u>, 2024 U.S. Dist. LEXIS 213256 (S.D.N.Y. 2024), attached hereto as Exhibit D; <u>E.W. v. N.Y. Blood Ctr.</u>, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); <u>Roe v. Borup</u>, 500 F. Supp. 127 (E.D. Wis. 1980).

Our courts have long held that a plaintiff may proceed under a pseudonym where their interest in anonymity outweighs the public's interest in disclosure and any potential prejudice to the defendant. <u>Sealed Plaintiff</u>, 537 at 189-90 (A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym). In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

1. Whether the litigation involves matters that are highly sensitive and of a personal nature.

2. Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties.

3. Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.

4. Whether the plaintiff is particularly vulnerable to the possible harms of disclosure.

5. Whether the suit is challenging the actions of the government or that of private parties.

6. Whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court.

7. Whether the plaintiff's identity has thus far been kept confidential.

8. Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his/her identity.

9. Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.

10. Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. (internal quotation marks, citations, and alterations omitted).

A district court is not required to recite every factor or follow a rigid framework, so long as the record reflects that it thoughtfully balanced the relevant interests, a decision that is reviewed for abuse of discretion. See Sealed Plaintiff, 537 F.3d at 191 n. 4. Here, a proper balancing of the applicable factors weighs strongly in favor of granting Plaintiff's request to proceed under a pseudonym, and Plaintiff respectfully requests that the Motion be granted.

## II. **PLAINTIFF'S REQUEST TO PROCEED ANONYMOUSLY SHOULD BE GRANTED.**

The relevant factors overwhelmingly support Plaintiff's request to proceed under a pseudonym in this matter. Plaintiff was vaginally and orally raped by Defendants Alon and Oren Alexander after an intoxicant – that was surreptitiously give to her by Alon – rendered her incapacitated and unable to consent. Defendant Tal Alexander was also present in the apartment and played a role in the orchestrated assault by initiating unwanted sexual contact with Plaintiff, thereby normalizing the Defendants' coordinated predatory behavior. All three Defendants are prominent, high-profile real estate brokers with significant public visibility, wealth, and influence. Despite their significant public visibility, wealth, and influence, on December 11, 2024, the Alexander Brothers were arrested and are currently facing federal sex trafficking charges brought by the U.S. Attorney's Office for the Southern District of New York, which identified "dozens of victims" in connection with the case. See Exhibit C. In light of the highly sensitive and deeply personal nature of the allegations, the substantial risk of re-traumatization, and the intense media scrutiny surrounding the case, the balance of interests weighs heavily in favor of granting Plaintiff's

9

motion to proceed anonymously. Id.; see also Exhibit B. As the court recognized in Doe v. New York Univ., federal courts have discretion to allow pseudonymous litigation where disclosure of a plaintiff's identity would expose them to retaliatory harm, emotional distress, or reputational damage. 537 F. Supp. 3d at 496–97. Those concerns are acutely present here.

## A. Factor 1: The Highly Sensitive Nature of the Allegations Warrants Anonymity

Under the first Sealed Plaintiff factor, courts evaluate whether the case involves matters that are highly sensitive and personal in nature. Allegations of sexual assault fall squarely within this category. Sexual violence has long been recognized as "a paradigmatic example of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." See Anonymous v. Anonymous, No. 24-CV-3495 (JHR) (RFT), 2024 U.S. Dist. LEXIS 88282, *8, (S.D.N.Y. May 13, 2024) (citation omitted), attached hereto as Exhibit E. While federal courts have historically granted pseudonym status in cases involving abortion, sexual orientation, and mental health,[3] this Court has been especially protective in sexual assault matters. See Doe v Combs, 2024 U.S. Dist. LEXIS 213256, *3 ("The Court concludes that factor[] one... weigh in [plaintiff's] favor. Regarding the first factor, this case entails highly sensitive and personal matters involving allegations of sexual abuse."). These protections are even more crucial when the alleged abuse was perpetrated by individuals with substantial public platforms, media access, and power—factors that are acutely present here. Id.

---

[3] See EW v. New York Blood Ctr., 213 F.R.D. 108, 111 ("A number of decisions have pointed to cases involving abortions and abortion rights as the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity. See, e.g., Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001) cert. denied, 534 U.S. 1129, 151 L. Ed. 2d 970, 122 S. Ct. 1067 (2002); Southern Methodist Univ. Ass'n v. Wynne & Jaffe, 599 F.2d 707, 712-13 (5th Cir.1979); Rankin v. New York Pub. Library, 1999 U.S. Dist. LEXIS 18565, 1999 WL 1084224, at *1 (S.D.N.Y. December 2, 1999); W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D.Mo.1999); Doe v. Rostker, 89 F.R.D. at 161; see also Doe v. Commonwealth's Atty for Richmond, 403 F. Supp. 1199 (E.D.Va. 1975)(homosexuality), aff'd, 425 U.S. 901, 47 L. Ed. 2d 751, 96 S. Ct. 1489 (1976).; Doe v. McConn, 489 F. Supp. 76 (S.D.Tex. 1980) (transsexuality)").

This litigation centers on profound traumatic allegations of sexual violence perpetrated by powerful, well-known figures. Plaintiff alleges that she was vaginally and orally raped after being given a drink she believes was surreptitiously laced with an intoxicant, leaving her unable to consent. The three Defendants—wealthy and influential individuals—have carefully cultivated a high-profile public persona and maintain considerable reach in media and business spheres. See Exhibit C. The deeply intimate and traumatic nature of these allegations—coupled with the significant media attention surrounding the case—makes the risk of psychological harm from public exposure both substantial and immediate. See Exhibit B. Indeed, the risk of further harm to Plaintiff is not speculative; it is substantial and well-supported by her sworn affidavit. Id.; see also E.W., 213 F.R.D. at 112–13 (noting that modern online access to court records intensifies the psychological toll and risk of re-traumatization and emotional injury, often "far greater than could be inflicted by mere bodily harm."). Most critically, Plaintiff has attested that if anonymity is denied, she may not be able to proceed with the lawsuit at all. See Exhibit B. Under these circumstances, the compelling interest in protecting the privacy and psychological safety of a sexual assault survivor far outweighs any abstract interest in disclosing her identity. This first factor, therefore, weighs decisively in favor of anonymity.

**B.  Factor 2: Risk of Retaliatory Harm or Harassment Supports Anonymity**

The second factor from Sealed Plaintiff requires courts to consider whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or innocent non-parties. This consideration is particularly significant in cases involving sexual violence, high-profile defendants, or matters of public controversy. As courts have recognized, "[t]he nature of the allegations makes it logical to conclude at this early stage that disclosure of Plaintiff's identity would cause further psychological harm to Plaintiff, which is the precise harm this litigation seeks, in part, to redress." Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, at 4; see also E.W., 213 F.R.D. at 111 (finding

1  anonymity warranted where disclosure would subject the plaintiff to "public disapproval,

2  harassment, or bodily harm").

3      Here, Plaintiff has brought profoundly sensitive allegations of sexual assault against three

4  widely recognized individuals with powerful reputations, substantial financial resources, and an

5

6  expansive public presence. Defendants Alon and Oren Alexander, along with their brother Tal

7  Alexander, are prominent figures whose notoriety significantly amplifies the risk that revealing

8  Plaintiff's identity would provoke intense media coverage, public scrutiny, and harassment. This

9  risk is not speculative—it is grounded in the realities of litigating against wealthy, influential

10 individuals in high-profile matters involving sexual violence and gender-based abuse and supported

11

12 by the record. See Exhibits B, D. Importantly, Plaintiff has already taken deliberate and proactive

13 steps to maintain her anonymity, including offering to disclose her identity to Defendants' counsel

14 only if they sign a protective agreement ensuring confidentiality. Her request reflects genuine

15 fear—not only of re-traumatization—but of retaliation, humiliation, and lasting damage to her

16 mental health and personal life. Indeed, her sworn declaration explicitly affirms that public

17 identification would cause her profound emotional distress, trauma, and revictimization. See

18

19 Exhibit B. She further explains that disclosure could expose her to ridicule, professional and

20 reputational harm, retaliation, and embarrassment from her family, employer, and community. Id.

21 Most critically, Plaintiff attests that if her identity were made public, she might feel compelled to

22 reconsider pursuing this litigation at all—underscoring the gravity of the threat posed by public

23 exposure. Id.

24      This case, like Doe v. New York Univ., presents a substantial risk that public identification

25 would expose the Plaintiff to retaliatory harm. 537 F. Supp. 3d at 496–97. There, the court found

26

27 no justification for subjecting the plaintiff to "potential online retaliation," given the nature of the

28 allegations and the plaintiff's particular vulnerabilities. Id. The same rationale applies here.

Plaintiff has alleged brutal sexual violence by powerful, high-profile individuals—Defendants with significant financial resources, public platforms, and media access. <u>See</u> Exhibit C. Given this extreme imbalance of power and the intense public scrutiny surrounding the case, public identification poses not just a risk of emotional harm, but a real threat of harassment, intimidation, and further trauma. Accordingly, the equities—particularly under this second <u>Sealed Plaintiff</u> factor—strongly support anonymity.

### C. <u>Factors 3 and 4: Plaintiff Faces Significant Psychological Harm and is Particularly Vulnerable to the Consequences of Public Disclosure, Both Factors of which Support Anonymity</u>

The third and fourth <u>Sealed Plaintiff</u> factors focus on whether public disclosure would cause psychological or emotional harm beyond mere embarrassment, and whether the plaintiff is particularly vulnerable to such harm. Here, both factors strongly support Plaintiff's request to proceed anonymously. Plaintiff has alleged deeply personal and traumatic sexual assaults by high-profile Defendants, and her Complaint and sworn affidavit detail the severe, ongoing psychological effects of those sexually violative assaults—effects that would be significantly exacerbated by public identification. <u>See</u> Exhibits B, D. These include persistent anxiety, flashbacks, sleep disturbances, and panic attacks, all of which are intensified by the fear of exposure. <u>Id.</u> Critically, Plaintiff does not seek anonymity to avoid reputational discomfort or social stigma alone. Her sworn declaration confirms that public exposure would cause her profound emotional distress and re-victimization—and could even prevent her from continuing with the litigation. <u>See</u> Exhibit B; <u>see also</u> <u>Anonymous</u>, 2024 U.S. Dist. LEXIS 88282, at *4, (recognizing that pseudonym protection is warranted when disclosure presents a risk of psychological harm beyond embarrassment).

This litigation also arises in the context of a significant power imbalance. The Defendants are wealthy, high-profile public figures with deep ties to the media, real estate, and security industries. Plaintiff, by contrast, is a private individual whose personal and professional life could

be permanently altered if she were forced to litigate under her legal name. <u>See</u> Exhibits B, D. Her vulnerability is not speculative—it is rooted in her lived experience and supported by the record. <u>Id</u>. While she is not in a mental health facility or undergoing court-mandated care, her sworn testimony confirms she is particularly susceptible to the psychological toll that public disclosure would trigger. <u>Id</u>. That is precisely the type of harm these factors are designed to prevent. Accordingly, both the third and fourth <u>Sealed Plaintiff</u> factors weigh heavily in favor of granting anonymity.

### D. Factor 6: The Defendants Would Not Be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously

The sixth <u>Sealed Plaintiff</u> factor balances whether allowing a plaintiff to proceed anonymously would cause unfair prejudice to the defendant. In this case, there is no such prejudice. Plaintiff filed her request for anonymity at the outset of the case, and Plaintiff has made clear from the beginning that she is fully prepared to disclose her identity to Defendants—so long as appropriate protective measures are in place. <u>See</u> <u>Doe v. Combs</u>, 2024 U.S. Dist. LEXIS 213256, at *4 ("There is no apparent prejudice to Defendants from Plaintiff proceeding anonymously at this early stage of the litigation."). Indeed, Plaintiff's willingness to identify herself through the proper legal channels underscores that this request is not an effort to conceal or delay—it is simply about safeguarding her identity from public exposure while preserving fairness for all parties.

While Defendants cannot credibly argue that they would be prejudiced by Plaintiff proceeding anonymously, should they raise such an argument, any potential prejudice would be significantly diminished by the fact that they are already facing federal criminal charges based on the substantially similar misconduct at issue in this case. To the extent Defendants suggest that public identification is necessary to safeguard their rights, such a concern is misplaced in this civil context. Plaintiff has already agreed to disclose her identity to defense counsel under a narrowly tailored confidentiality agreement, thereby ensuring Defendants can prepare and mount a full and

14

fair defense. The procedural safeguards available in this matter are more than sufficient to protect Defendants' interests, and public disclosure of Plaintiff's identity adds no meaningful legal value and imposes no barrier to their ability to investigate, respond, or litigate effectively. As Plaintiff has taken every reasonable step to ensure that Defendants can defend themselves while protecting her from unnecessary public exposure. There is no risk of prejudice, and this factor weighs decisively in favor of granting anonymity.

### E. Factor 7: Plaintiff Has Not Publicly Disclosed Her Identity and Has Taken Affirmative Steps to Preserve Her Anonymity

The seventh Sealed Plaintiff factor considers whether the plaintiff has made her identity public in connection with the events underlying the litigation. Courts have consistently found this factor weighs in favor of anonymity where the plaintiff has refrained from publicizing her identity and has taken proactive measures to protect her privacy. See Doe v. Colgate Univ., No. 5:15-CV-1069, 2016 U.S. Dist. LEXIS 48787, at *2 (N.D.N.Y. Apr. 12, 2016) (finding this factor supported anonymity where the plaintiff had "not publicized the lawsuit or sought media attention"), attached hereto as Exhibit F; see also Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, at *5.

Here, Plaintiff has never spoken publicly about the horrific sexually violent assault she suffered through, or her involvement in this matter. Other than limited disclosures to a few trusted individuals for emotional support and law enforcement, Plaintiff has not identified herself as a victim or survivor, discussed the allegations on social media, or participated in any public statements or interviews. Plaintiff also has never made her identity public in connection with this lawsuit. Her consistent efforts to maintain privacy reflect a clear intent to avoid publicity and protect her mental and emotional well-being.

Moreover, Plaintiff's counsel has taken affirmative and immediate steps to protect Plaintiff's identity. Upon filing Plaintiff's Complaint, Plaintiff's counsel promptly created and

sent all counsel for Defendants a protective order. Further, counsel has consistently referred to

Plaintiff as "Jane Doe 1" in all public filings. Plaintiff 's affirmative steps to protect her identity

and dignity in light of the sensitive nature of this litigation weigh in favor of anonymity and

demonstrate the sincerity and legitimacy of her request for pseudonym status. Accordingly, the

seventh factor weighs strongly in favor of anonymity.

### F.  Factor 8: Anonymity Will Not Undermine the Public's Interest in the Proceedings

The eighth Sealed Plaintiff factor considers whether permitting a party to proceed

anonymously will prejudice the public's interest in open judicial proceedings. Courts have

consistently held that anonymity does not obstruct the public's ability to follow or understand the

legal and factual issues at stake. As the Fifth Circuit observed in Doe v. Stegall, "party anonymity

does not obstruct the public's view of the issues joined or the court's performance in resolving

them," and "the assurance of fairness preserved by public presence at a trial is not lost when one

party's cause is pursued under a fictitious name." 653 F.2d at 185. Similarly, in E.W., 213 F.R.D.

at 113, the court found that the privacy rights of a plaintiff who brought suit after receiving a tainted

blood transfusion outweighed any First Amendment interest in disclosure of her name. The court

emphasized that "the facts of this case provide no occasion for imposing such an invasion of privacy

as the price for litigating a legitimate private complaint." Id.

The same reasoning applies here. Plaintiff is pursuing serious and credible allegations of

sexual assault against three private individuals. The public's interest in ensuring accountability

for sexual violence—particularly where the defendants are high-profile figures—can be fully

served through the adversarial process, judicial scrutiny, and public access to the court's rulings.

Plaintiff's identity is not necessary for the public to understand the claims, evaluate the evidence,

or assess the fairness of the proceedings. Indeed, the harm to the public interest would be far

greater if Plaintiff is forced to abandon her claims due to the threat of public exposure. In her

16

sworn affidavit, Plaintiff stated that if anonymity is not granted, she may reconsider whether she can continue with this litigation at all. See Exhibit B. Denying anonymity in such circumstances would not promote transparency—it would chill the pursuit of justice and deter survivors from coming forward. Accordingly, this factor also weighs strongly in favor of allowing Plaintiff to proceed under a pseudonym.

### G. Factor 9: Allowing Plaintiff to Proceed Anonymously Furthers the Public Interest

The ninth Sealed Plaintiff factor weighs whether the plaintiff's request is driven by improper motives or whether there is a legitimate public interest in disclosure. Here, both considerations strongly support anonymity. Plaintiff seeks to proceed under a pseudonym not for strategic gain or to avoid accountability, but to protect her mental health, safety, and dignity in the face of deeply traumatic allegations. See Exhibits B, D. Her request is supported by a sworn affidavit detailing the emotional harm and re-traumatization she would suffer if forced to reveal her identity. See Exhibit B. Further, she, through counsel, has already demonstrated her willingness to disclose her identity to Defendants under appropriate protective measures -- demonstrating transparency, cooperation, and a clear commitment to fairness. This is the hallmark of good faith.

Furthermore, the public has no meaningful interest in knowing Plaintiff's name. While the facts here are deeply personal and disturbing, the legal questions this case presents—relating to sexual assault, consent, civil accountability, and the rights of survivors—are legal in nature and do not turn on Plaintiff's identity. Requiring Plaintiff to reveal her name would do nothing to enhance public understanding or oversight of these proceedings. Anonymous, 2024 U.S. Dist. LEXIS 88282 at *10 ("The ninth factor teaches that if the issues presented by a case are "purely legal in nature," the "public interest in knowing the litigants' identities" is "atypically weak... Petitioner's case appears to hinge on questions of statutory construction regarding access to medical records — purely legal issues — and so the public's interest in the litigation would not be furthered by

17

requiring disclosure of Petitioner's identity.") Courts have made clear that the administration of justice remains fully transparent even when a survivor proceeds anonymously. Doe v. Stegall, 653 F.2d at 185. Granting anonymity here not only protects this Plaintiff—it sends a powerful message that survivors can pursue justice without sacrificing their privacy or well-being. Accordingly, this ninth factor, like the others, weighs decisively in favor of allowing Plaintiff to proceed under a pseudonym.

### H. Factor 10: No Adequate Alternative to Anonymity Exists to Protect Plaintiff's Safety and Privacy

The final Sealed Plaintiff factor considers whether there are any alternative mechanisms that could adequately protect a plaintiff's confidentiality short of allowing the plaintiff to proceed under a pseudonym. Courts generally weigh this factor in favor of anonymity when disclosure of the plaintiff's identity cannot be meaningfully limited through other procedural safeguards. See Doe v. Combs, 2024 U.S. Dist. LEXIS 213256, *4 ("Finally, with respect to the tenth factor, the Court is unaware of any alternative mechanisms to protect Plaintiff's identity.")

Here, no viable alternative exists that would sufficiently protect Plaintiff's identity while still enabling her to pursue her claims. As noted in her affidavit, public disclosure would not only expose her to irreparable psychological harm and re-traumatization but could also deter her from continuing with this litigation altogether. See Exhibit B. Measures such as sealing limited documents or restricting public access to certain filings would be insufficient to prevent the widespread dissemination of her identity in an age where public court records are readily searchable online. Once disclosed, the harm is irreversible.

Plaintiff has already taken affirmative steps to safeguard confidentiality without disrupting Defendants' ability to defend the case. Counsel has offered to disclose Plaintiff's identity to each Defendant's counsel under the protection of a proposed confidentiality order pending any ruling on anonymity. These efforts reflect a measured, good faith attempt to balance the interests of due

18

process with the need to avoid unnecessary public exposure. But without leave to proceed anonymously, those protective steps would be nullified. Thus, because there is no practical or effective alternative that would mitigate the risk of harm to Plaintiff while preserving her ability to litigate this case, this final factor weighs strongly in favor of anonymity.

<u>CONCLUSION</u>

For the reasons stated herein, the Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety.

Dated: March 28, 2025

**RESPECTFULLY SUBMITTED:**

**GRUENBERG KELLY DELLA**
Michael DellaUniversita, Esq.
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110

*Counsel for Plaintiff*

19