GUY C. GRUENBERG
(1965 - 2009)

SEAN P. KELLY
MICHAEL L. DELLA

JESSICA E. VERTULLO
(MANAGING ATTORNEY)

**GK GRUENBERG KELLY DELLA**
ATTORNEYS AND COUNSELORS AT LAW
WWW.NEWYORKLAWGROUP.COM
700 KOEHLER AVENUE • RONKONKOMA • NEW YORK 11779
PHONE: 631.737.4110 • FAX: 631.737.4155
EMAIL: INFO@GKNYLAW.NET
OTHER LOCATIONS: GRIFFING AVE., RIVERHEAD • PARK AVE., HUNTINGTON
N. BROADWAY, JERICHO • WATER STREET, BROOKLYN

GLENN AULETTA
(SENIOR TRIAL COUNSEL)

CHRISTOPHER PAGANO
FRANK BRAUNSTEIN
THERESA J. VIERA
JOSEPH N. TIMPANARO
EVA L. KENNEDY
DENNIS VALET
DANIELLE MELI
WILLIAM HARRIS

May 27, 2025

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street,
New York, NY 10007

<u>Re</u>: *Jane Doe I v. Tal Alexander*, **Case No. 25-CV-2113 (JMF)**
Honeywell v. Alexander
Index No.: 1:25-cv-02113-JMF
<u>Our File No.: 250179</u>

Dear Judge Furman:

We write on behalf of Plaintiff Jane Doe I to submit this letter in lieu of and in response to the Court's request for a case management plan (ECF 9),[1] and to partially oppose the request by Defendants Tal Alexander ("Tal") and Alon Alexander ("Alon") (collectively, "Moving Defendants") for a stay of discovery. While Plaintiff previously agreed not to oppose a limited stay pending: (1) resolution of the related Second Circuit appeals or, in the alternative, (2) the Court's decision on Defendants' motions to dismiss, Defense counsel had indicated that the parties would jointly submit a letter reflecting that agreement. However, following a routine inquiry from Plaintiff's counsel, Defense counsel advised late on May 21, 2025, that Moving Defendants would instead file a unilateral submission expanding their request to include a stay based on criminal proceedings currently pending against them in *United States v. Alexander*, No. 25-CR-676 (VEC) (S.D.N.Y. Dec. 11, 2024), and arguments opposing Plaintiff's motion to proceed under a pseudonym. Plaintiff is therefore compelled to respond.

As outlined herein, Plaintiff does not oppose a stay of proceedings pending the Second Circuit's decision in *Parker v. Tal Alexander et al.*, No. 25-487 and *Doe v. Black*, No. 25-564, provided that the agreement does not prejudice Plaintiff's rights or serve as the basis for any affirmative defense, including waiver, delay, estoppel, laches, or statute of limitations. Nor does Plaintiff oppose a stay of discovery limited to the Court's resolution of Moving Defendants' Motion to Dismiss (ECF 12-14, 22). However, if the Court determines that this case should proceed notwithstanding those limited grounds for a stay, Plaintiff respectfully submits that Moving Defendants' expanded request is both legally unsupported and factually misleading, and would result in significant prejudice to Plaintiff. The requested stay is not warranted under applicable law, and Defendants' assertions regarding Plaintiff's anonymity are both inappropriate and unfounded. *See* ECF 23. Indeed, Defendants' position is not only legally unsupported—it is internally inconsistent: they ask this Court to indefinitely delay proceedings while simultaneously demanding that Plaintiff reveal her identity, despite her sworn statement that she may not be able to proceed if forced to do so. This strategy appears less about procedural fairness and more about exerting intimidating leverage, and it should be rejected.

### A. Procedural and Factual Background Relevant to Defendants' Request for a Stay

Plaintiff Jane Doe I commenced this action by filing a Complaint in the Supreme Court of the State of New York, County of New York, on February 28, 2025, asserting claims under New York City's Victims of Gender-Motivated Violence Protection Law. On March 14, 2025, Defendant Tal Alexander removed the case to this Court pursuant to 28 U.S.C. § 1332. *See* ECF No. 1. An Amended Notice of Removal was filed on March 20, 2025. *See* ECF No. 10. \

Plaintiff filed a Motion to Proceed Pseudonymously along with a Memorandum of Law and supporting materials affirming the appropriateness of pseudonym protections in matters involving sexual violence on March 28, 2025. *See* ECF No. 11. That motion remains pending.

On March 31, 2025, Defendant Tal Alexander filed a Motion to Dismiss pursuant to Rule 12(b), along with a Motion to Strike certain allegations in the Complaint (ECF Nos. 12–14), of which remaining Defendants joined. Plaintiff opposed those motions on April 21, 2025. *See* ECF No. 20. A reply in further support of the motion to dismiss was filed by Defendant on April 25, 2025. *See* ECF No. 21. That motion also remains pending.

Plaintiff submits this opposition letter to preserve the record and clarify her position on the issues raised by Moving Defendants. *See* ECF No. 23. In short, Plaintiff objects only to Defendants' expanded request for: (1) a stay based on pending criminal proceedings (*United States v. Alexander*, No. 25-CR-676 (VEC) (S.D.N.Y. Dec. 11, 2024)), which involve different victims, conduct, and time periods, and have no bearing on the claims at issue here; and (2) the contradictory demand that civil discovery be stayed due to the burdens of a criminal trial, while simultaneously insisting that Plaintiff—who has stated she may be unable to proceed with this litigation if her identity is revealed (*see* ECF No. 11, Ex. B)—be compelled to publicly disclose her name so that Defendants may "conduct informal discovery" during the stay and "stand on an equal footing" if the case moves forward. In effect, Defendants seek to pause formal litigation while using the stay to gain a strategic advantage by forcing disclosure that could terminate the case altogether. This is not a request grounded in procedural fairness—it is a litigation tactic aimed at pressuring a sexual assault survivor, and it should be rejected, as it was done in *Jane Doe I v. Tal Alexander*, No. 25-CV-2108 (RA), ECF No. 22 (S.D.N.Y. Apr. 30, 2025) (order staying case pending Second Circuit decision in *Parker v. Tal Alexander et al.*, No. 25-487 and deferring requirement to amend complaint with Plaintiff's true name until after resolution therein, stating, "Plaintiff need not file an amended complaint with her true name by May 5, 2025, as previously directed. However, she should be prepared to do so following the Second Circuit's decision if she intends to proceed with this case.").

### B. A Stay of Discovery During the Pendency of Criminal Proceeding Involving Different Survivors Is an Extraordinary Remedy, Not Warranted Absent a Particularized Showing of Prejudice

The Constitution does not require a stay of civil proceedings simply because a criminal prosecution is pending. As the Second Circuit has made clear, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.) (en banc), *cert. denied*, 449 U.S. 993 (1980)). A civil stay may be granted in the court's discretion only "when the interests of justice seem to require such action." But that discretion is constrained. The burden lies with the party seeking the stay, and a stay is not warranted absent a particularized showing of undue prejudice or interference with constitutional rights.

The Second Circuit reaffirmed this principle in *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, explaining that a party seeking to stay civil discovery must demonstrate that the remedy is

appropriate through a "particularized inquiry into the circumstances of, and the competing interests in, the case." 676 F.3d 83, 97–99 (2d Cir. 2012). While some courts in this District consider several non-exclusive factors—such as the: (1) extent of overlap between the criminal and civil cases, (2) status of the indictment, (3) prejudice to the plaintiff from delay, (4) burden on the defendant, and (5) interests of the court and (6) public—the Second Circuit has made clear that these factors are not a mechanical checklist. Instead, they must be evaluated in light of the specific context and equities of the case at hand. Rather, they are guideposts in a broader, fact-specific inquiry into the competing interests at stake. As courts have repeatedly emphasized, a total stay of discovery in a civil matter is an "extraordinary remedy," appropriate only where truly compelling circumstances exist. *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). While Plaintiff does not oppose a limited stay of proceedings tied to the Second Circuit appeals or to the Court's resolution of Defendants' motions to dismiss, a careful assessment of the relevant factors confirms that a broader stay—particularly one suspending discovery based on the pendency of criminal matter not involving Plaintiff—is neither justified nor supported by the law.

1. Factor One: The Criminal and Civil Matters Do Not Substantially Overlap and Are Not Parallel Proceedings.

Although Defendants argue that the issues in this case substantially overlap with those in the pending criminal matter, that assertion mischaracterizes the nature of Plaintiff's claims and the applicable legal standard. Defendants contend that Plaintiff has "relied on the conduct charged in the indictment" and will pursue discovery into overlapping issues, but even assuming that Plaintiff references portions of the criminal case—including public allegations or investigative findings—such reliance does not compel or justify a stay. Courts have made clear that the mere existence of some factual commonality, or even parallel discovery paths, does not equate to the type of "substantial overlap" required to stay civil litigation. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012) (courts must engage in a "particularized inquiry" and not presume overlap based on generalities).

Indeed, overlap is considered "substantial" only where the civil and criminal cases arise from the same operative facts and involve nearly identical legal issues. *See Gilead Scis. Inc. v. Khaim*, 753 F. Supp. 3d 262, 269 (E.D.N.Y. 2024) (citing *SEC v. Blaszczak*, 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018)). That is not the case here. The indictment against Defendants concerns conspiracy and sex trafficking charges involving two other victims and events in 2011 and 2016. Plaintiff's claims concern a single rape that occurred in a separate setting, in a different year, and without any allegations of conspiracy or co-defendants.

Plaintiff does not dispute that the criminal case may contain useful information. Like any litigant, Plaintiff may seek to incorporate publicly available facts or evidence that relate to Defendants' pattern of misconduct. But courts in this District have never held that using facts from a criminal prosecution—even directly—automatically warrants a stay. Even where there is partial factual overlap, courts routinely deny stays where the civil claims are sufficiently distinct. *See Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (civil litigation may proceed in tandem with criminal matters unless the defendant makes a specific showing of harm). Rather, the inquiry is whether proceeding with discovery in this case would unduly prejudice the Defendants' rights in the criminal case. Here, the answer is no. Plaintiff's case stands on its own.

2. Factors Two, Three, and Four: Plaintiff's Compelling Interest in Proceeding with Discovery Far Outweighs Defendants' Indictment and Unsubstantiated Claims of Burden

Additionally, Defendants' status as an indicted individual does not automatically entitle him to a stay of civil discovery—particularly where, as here, the indictment concerns different victims. Courts in this Circuit have repeatedly held that the mere existence of a criminal indictment is not, by itself, sufficient to justify delaying civil litigation. As the court in *Sterling Nat. Bank v. A-1*

*Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) explained, there is no hard-and-fast rule that an indictment compels a stay. To the contrary, the strongest justification for a stay arises only when the criminal and civil matters involve the same operative facts and legal issues—circumstances plainly absent here. See *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

Defendants also argue that participating in discovery would impermissibly burden him due to the potential invocation of his Fifth Amendment privilege. But the Supreme Court has long made clear that asserting constitutional protections in a civil proceeding does not entitle a party to delay discovery. In *Baxter v. Palmigiano*, 318, 425 U.S. 308, 318 (1976), the Court held that adverse inferences may be drawn from a party's silence in civil litigation, and that doing so does not violate due process. Likewise, in *United States v. Kordel* 397 U.S. 1, 9–10 (1970), the Court rejected the claim that a defendant's strategic burden in managing parallel proceedings amounted to a constitutional harm. Defendants have not identified a single discovery request or procedural mechanism in this case that would create undue prejudice or implicate constitutional concerns. Generalized references to the Fifth Amendment or the inconvenience of dual litigation are not enough.

In stark contrast, Plaintiff has a compelling interest in proceeding with discovery without further delay. The events at issue occurred more than ten years ago. Prolonging this matter risks the loss of critical evidence, the fading of witnesses' memories, and other barriers to resolution. Courts in this District have consistently recognized that plaintiffs pursuing serious claims—especially those involving allegations of sexual violence—should not be disadvantaged simply because a parallel, non-dispositive, criminal case not involving Plaintiff is pending. See *Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 248 (S.D.N.Y. 2015); *Rex & Roberta Ling Living Tr. v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389, 411 (S.D.N.Y. 2018). That principle is especially compelling here, where Plaintiff alleges she was raped and, due to the passage of time and structural barriers to justice, has already endured nearly a decade without accountability. Critically, Plaintiff does not oppose a stay tied to the pending Second Circuit appeals or to the Court's resolution of the motions to dismiss, as those may be dispositive of the action; the criminal action is not. In other words whether Defendants are convicted or not, Plaintiff would still, barring unrelated circumstances, pursue this civil action.

Defendants' claim that "Plaintiff faces no corresponding burdens if discovery were stayed" reflects a fundamental misunderstanding of the impact of delay in cases involving trauma and harm. Staying discovery in a civil rape case imposes a very real burden—not only in terms of evidentiary prejudice, but also in prolonging the survivor's pursuit of resolution. That burden is exacerbated where, as here, Defendants are financially sophisticated and may be in a position to dissipate or conceal assets while the case is on hold.

Ultimately, Defendants have not identified any constitutionally impermissible burden that would result from proceeding with discovery. His objections are not grounded in specific facts or legal barriers, but rather in the generalized inconvenience of responding to civil litigation while defending a separate criminal case. Courts have routinely rejected such arguments. Even the potential invocation of the Fifth Amendment does not entitle a litigant to block discovery. In short, while Plaintiff faces concrete and escalating harm from continued delay, Defendants have failed to show any legally cognizable prejudice. The balance of private interests weighs decisively in favor of allowing discovery to proceed.

3. <u>Factors Five and Six: A Stay Would Undermine Judicial Efficiency and Disserve the Public Interest</u>

The final two factors—judicial efficiency and the public interest—also do not support a stay of discovery in this case. A stay is not warranted merely because a separate criminal proceeding is pending. Plaintiff's claims are independently actionable, and there is no indication that pausing civil discovery would streamline or resolve any part of this litigation. On the contrary, courts in this District have emphasized that civil cases should proceed in the absence of a concrete, case-specific showing that efficiency or justice demands a stay. No such showing has been made here.

Defendants argue that "the Court is likely to benefit from the criminal matter no matter its outcome" and that it may bear on what discovery is relevant and what issues must be adjudicated. But this assertion is speculative and unsupported by any factual detail. Defendants do not identify any specific piece of evidence or discovery dispute that would be resolved by the outcome of the criminal proceeding. Moreover, Defendants have not identified any third-party witnesses, categories of documents, or discovery topics whose relevance hinges on the outcome of the criminal trial. The Court routinely manages discovery in complex or parallel litigation, and any potential overlap with the criminal matter can be addressed through targeted discovery requests, protective orders, or relevance objections. The parties are fully capable of engaging in discovery now based on the well-pleaded allegations in Plaintiff's Complaint. If new issues arise, the Court has ample tools to address them. The mere possibility that certain materials may eventually become relevant does not justify a stay of discovery until the resolution of the criminal indictment.

Defendants further suggests that a stay is appropriate because the outcome of the criminal case may "influence any potential settlement." But this is not a proper basis for suspending civil discovery. Courts do not issue stays to await shifts in litigation leverage. In fact, it is often discovery itself that encourages settlement by clarifying the facts, claims, and defenses. Delaying discovery to see how a criminal case with a different victim unfolds would only hinder resolution.

A stay would also not serve the public interest. As this Court and others have long recognized, defendants should not be permitted to use pending criminal charges to shield themselves from timely civil accountability. "That defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim." *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980). See also *Rex & Roberta Ling Living Tr. v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389, 412 (S.D.N.Y. 2018). Granting a stay under these circumstances would delay justice, undermine the purpose of the civil system, and signal that civil survivors must wait indefinitely whenever criminal charges are filed—regardless of the nature of the claims or the parties' respective needs.

### C. Plaintiff Opposes Defendants' Contradictory and Improper Request for a Premature Ruling on Anonymity

Plaintiff opposes Defendants' contradictory effort to request a stay of proceeds yet compel this Court to deny Plaintiff's motion to proceed under a pseudonym and reveal her name during the pendency of the requested stay of proceedings. This position is not only legally unsupported—it is internally inconsistent and undermines the fundamental principles of access to justice for survivors of sexual violence.

As the Court is aware, Plaintiff moved to proceed under a pseudonym. *See* ECF No. 11. That motion remains pending. Accompanying that motion, Plaintiff has submitted a sworn affidavit stating that she may be unable to continue with this litigation if forced to reveal her identity prematurely. *Id.* at Ex. B. Nevertheless, Defendants now seek to compel that disclosure while simultaneously requesting a stay, effectively using a procedural pause to gain strategic advantage. This is not a legitimate use of civil process—it is a coercive tactic aimed at deterring Plaintiff from pursuing her claims.

Notably, in a related matter involving the same counsel, *Doe v. Alexander*, No. 25-CV-2108 (RA), the court had initially denied Plaintiff's motion to proceed pseudonymously and ordered her to disclose her identity in an Amended Complaint by May 5, 2025. Defense counsel did, in fact, seek that disclosure prior to that deadline. However, after consulting with her team, Plaintiff's counsel advised that she would not Plaintiff's true identity except through the Amended Complaint, if Plaintiff sought to file it. Shortly thereafter, and ***before*** the deadline arrived, the Court stayed the case and independently recognized that requiring Plaintiff to reveal her identity while proceedings were stayed would be inappropriate. In its April 30, 2025 order, the court stated:

> Plaintiff need not file an amended complaint with her true name by May 5, 2025, as previously directed. However, she should be prepared to do so following the Second Circuit's decision if she intends to proceed with this case.

*Doe v. Alexander*, No. 25-CV-2108 (RA), ECF No. 22 (S.D.N.Y. Apr. 30, 2025).

Judge Abrams Order is persuasive here. There is no basis for compelling Plaintiff's identity while this case is stayed—especially where the very same Defendants raised the same arguments in another action and were unsuccessful. Even in a case where disclosure had been ordered, the Court declined to compel it during the pendency of a stay motion—recognizing that forcing a plaintiff to reveal her identity while the case's future remained uncertain could unfairly and irreversibly prejudice her. Here, Plaintiff's motion for anonymity remains pending, and no disclosure order has issued. Defendants are not only asking the Court to prematurely deny that motion, but to do so before the Court even decides whether the case should proceed. This sequence underscores the impropriety of Defendants' current request and the contradiction in their position is clear: they claim litigation imposes undue burden due to a pending criminal trial, yet at the same time seek to extract potentially case-dispositive information by forcing Plaintiff to reveal her name during the stay.

Their position is further undermined by their argument that Plaintiff's counsel is "publicly seeking discovery." That allegation is both vague and misleading. Plaintiff's counsel has not disclosed her client's identity and has not engaged in any improper discovery. General public advocacy on behalf of survivors of sexual violence—or inviting other potential witnesses to come forward—does not constitute improper discovery or investigation and does not waive Plaintiff's right to seek anonymity.

As the Second Circuit has recognized, pseudonym protections are essential in cases involving sensitive and stigmatizing allegations, particularly where disclosure may deter a plaintiff from pursuing litigation at all. See *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008). That principle applies with full force here.

Accordingly, Plaintiff respectfully requests that the Court stay the proceedings pending the Second Circuit's decision in *Parker v. Tal Alexander et al.*, No. 25-487 and *Doe v. Black*, No. 25-564, deny Defendants' request to stay discovery pending resolution of the criminal proceedings, reject Defendants' improper and inconsistent request for a ruling on anonymity and allow the issue to be addressed, if necessary, after the stay is lifted.

Respectfully submitted,

MIKE DELLA, ESQ.

MD/ab

cc:  The Law Offices of Jason Goldman PLLC
275 Madison Avenue
35th Floor
New York, NY 10016

Walden Macht Haran & Williams LLP
250 Vesey Street
27th Floor
New York, NY 10281

Upon review of the parties' letters, the Court agrees that this case should be stayed pending the appeals in *Parker v. Tal Alexander et al.*, No. 25-487 and *Doe v. Black*, No. 25-564.  Further, the Court agrees with Plaintiff that it would be unfair and inappropriate to resolve the pending motion regarding pseudonymity until the stay is lifted.  The Court need not and does not decide now whether the case should separately be stayed pending the outcome of Defendants' criminal cases, as the timing and/or outcome of the Second Circuit appeals may moot the issue altogether.  Accordingly, Defendants' request for a stay pending their criminal cases is denied without prejudice to renewal if or when the stay pending the appeals is lifted.

The parties shall confer and file a joint letter addressing next steps within one week of a decision in either of the relevant appeals.  In the meantime, the Clerk of Court is directed place this case on the suspense docket.  Further, although the Court reserves judgment on the pending motions (ECF Nos. 11, 12, and 22), the Clerk of Court is directed to terminate them in addition to the letter motion for a stay (ECF No. 23), given the stay.  When the stay is lifted, the parties should file a letter requesting reinstatement of the motions if appropriate.

SO ORDERED.

June 1, 2025